THE CHICAGO AND ALTON RAILROAD COMPANY

*v.*

PEARL A. STEVENS, Admx.

*Opinion filed February 20, 1901.*

1. RAILROADS—*material consideration in applying rule relating to employee working with knowledge of danger.* In the application of the rule that if a railroad employee continues to work with machinery after knowledge of defects, or to work in a place known by him to be unsafe, he cannot recover for consequent injuries, the material consideration is, did the employee have such knowledge or was he chargeable therewith?—and this is a question of fact to be determined from the proofs, since no presumption can be indulged.

2. SAME—*what does not charge an employee with knowledge of danger from coal chute.* Knowledge of the danger from the close proximity of a coal chute to the tracks is not necessarily and as a matter of law chargeable to an employee from the mere facts that he had frequently passed the chute, that his train had stopped there twice or more for coal, and that there was a rule of the company requiring employees to descend ladders of freight cars on the opposite side from such structures.

*Chicago and Alton R. R. Co.* v. *Stevens*, 91 Ill. App. 171, affirmed.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of McLean county; the Hon. JOHN H. MOFFETT, Judge, presiding.

SCOFIELD & BROWN, for appellant.

KERRICK & BRACKEN, for appellee.

Mr. JUSTICE WILKIN delivered the opinion of the court:

This is an appeal from a judgment of the Appellate Court affirming a judgment of the circuit court of McLean county for $2471.42, in favor of appellee, against appellant. The action is for negligently causing the death of plaintiff's intestate. The wrongful and negligent act of the defendant alleged to have caused the injury is charged in the declaration, as follows: "That the defendant had or had permitted to be erected on the east side of its tracks a certain coal chute or structure for conducting to or emptying coal into its cars and engines, and that said coal chute or structure was not placed and erected at a sufficient distance from defendant's tracks and trains passing thereon so that persons operating said trains could safely perform their duties in said work while passing over and upon said railroad at said place; that said coal chute or structure standing so near the track was highly dangerous to the servants of said road in operating its trains thereon while performing their ordinary duties." This negligence is charged, in different forms of language, in several counts of the declaration. It is also averred that plaintiff's intestate was, on August 30, 1897, a brakeman in the employ of the defendant, and was then and there engaged in assisting in the operation and running of a freight train of the defendant, and that, while exercising due care and caution for his own safety, while said freight train was in motion was struck by said coal chute or structure and thrown from the said train to the ground with great force and violence, and shortly afterwards died.

After the introduction of all the evidence offered upon the trial the defendant requested the court to instruct the jury to return a verdict of not guilty in its favor,

which instruction was refused, and the only ground of reversal insisted upon in this court is that refusal. It is not claimed that any error was committed by the trial court in the admission or exclusion of evidence or in the giving, refusing or modifying of instructions, but the sole contention is that the evidence wholly fails to prove, or fairly tends to prove, the material allegations of the plaintiff's declaration, and therefore the peremptory instruction should have been given as requested by the defendant.

Whether the plaintiff has made out a case by a preponderance of the evidence is a question of fact, and is conclusively settled by the decision of the trial and Appellate Courts. Whether there is any evidence fairly tending to establish the case, on a proper motion by the defendant at the trial, becomes a question of law, reviewable in this court. This proposition is conceded by counsel for appellant, although the argument, in some respects, seems to proceed upon a different theory. The undisputed evidence is, that at the place of the injury, about one-half mile north of Tallula station, a coal chute had been maintained on the east side of the defendant's track for about six years. The main part of the structure was twenty-eight and one-half inches east of the ladder of passing freight trains, but there was a foot-board attached thereto some seven feet from the ground, extending towards the track, which was twelve inches wide and the outer edge being only sixteen and one-half inches from such ladders. Some of the witnesses called this a "running board" and others a "foot-board," its use being for the employees of the coal company to stand upon when operating the chute to deliver coal to the engines of the defendant; and there is no evidence tending to prove that the trainmen had any connection whatever with operating the coal chute. At the time of the accident the deceased was descending a ladder in the ordinary and usual manner, and was struck about the hips

by the projecting board above described, and thrown from the ladder to the ground, receiving injuries which resulted in his death.

That these facts fairly tend to show that the structure was so near to the railroad track as to render it dangerous to those operating freight trains in the usual and ordinary manner, cannot, we think, be seriously questioned. In fact, we are at a loss to perceive how, under the proof in this record, it can be said that the evidence does not fairly establish that fact. The accident itself certainly tends to prove it. The burden of the argument of counsel for appellant is upon the question whether the evidence proves, or fairly tends to prove, the other material allegation of the declaration, that the deceased was himself, at the time he received his injury, in the exercise of due care. He had been in the service of the defendant company as a head-brakeman on freight trains twenty-eight days, and had made several trips, passing the coal chute where he was injured, his train stopping twice, or, as contended by defendant, oftener, to take coal. In the forenoon of August 30, 1897, the conductor of the train on the platform at Tallula station, after the train was in motion, going northward, gave him a message to be delivered to the engineer to stop the train at Five Points, the next station, about two and one-half miles north, for the purpose of unloading a car of cinders. He at once climbed to the top of the rear car and went forward to the front of it, where he attempted to descend the ladder in order to reach a flat car next to the box car between it and the engine, when he was struck, as above stated.

There was offered in evidence a rule of the company which counsel for appellant insist made it the duty of employees of the company operating freight trains to descend upon ladders on the opposite side of the cars from coal chutes, but it is not claimed that the deceased in this case could have complied with that rule as con-

strued, and performed the duty of carrying the message to the engineer, the ladder on the opposite side of the box car being at the rear end, and, of course, so removed from the flat car that the latter could not be reached by it. We do not understand counsel to claim that the deceased was not, at the time of his injury, in the performance of a duty in attempting to obey the order of his conductor, or that he was not in the exercise of ordinary care in so doing, except in that he descended the ladder at a time when he was liable to come in contact with the coal chute, but the position is, that he knew, or was chargeable with knowledge of the fact, that to descend the car when opposite the structure was dangerous. It is true that the evidence shows that immediately before descending the ladder he recognized and waived his hand to a young lady near the track, or, as appellant claims he himself admitted, was fooling with a girl. While that testimony might tend to show that he was not giving attention to his duty or that he was negligent in that regard, it certainly could not be claimed, and we do not understand that it is contended, that that fact would, as a matter of law, establish negligence. In fact, we think that testimony, fairly understood, proved little or nothing. There is no evidence whatever in the record to the effect that he actually had knowledge of such danger, but the insistence seems to be that from the fact that he had frequently passed the chute and that his trains had stopped there for coal twice or oftener, and from the fact that the rules of the company required employees to descend ladders on freight trains opposite such structures, he must be chargeable with knowledge of the danger which he incurred.

Appellant relies upon the rule that where a railroad employee continues to work with machinery provided for him by his employer after he has knowledge of its defects, or to work in a place which he knows to be dangerous, and receives an injury because of such defective

machinery or because of the dangerous character of the place, he cannot recover. In the application of this rule the material consideration is, did the employee have knowledge of the danger, or was he, under all the facts and circumstances of the case, chargeable with knowledge of such danger? And this is necessarily a question of fact to be determined from the proofs. No presumption of such knowledge can be indulged. If it be conceded that there was evidence before the jury, in this case, from which they might reasonably have found that deceased knew or ought to have known of the dangerous proximity of the structure to the ladders upon freight cars, still, it cannot, from that evidence, be said that he was chargeable with such knowledge as a matter of law. The length of time he had been in the service of the company, the number of times he had passed the place, the number of times his trains had stopped there for the purpose of taking coal, and the rule of the company, were all facts and circumstances tending to charge him with the knowledge. The fact he was in the performance of a duty which required promptness in reaching the engineer, the facilities afforded him for accomplishing that purpose, the nature of his duties as a brakeman in passing the place, and the fact that he had nothing to do with the use of the coal chute in taking coal when trains stopped there for that purpose, were facts and circumstances proper to be considered by the jury, tending to prove that he did not know and was not chargeable with knowledge of the danger. It is impossible for us to say, upon all this evidence, that he was or was not so chargeable. That was the province of the jury in the first instance, subject only to the review by the Appellate Court.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*