THE SOUTH SIDE ELEVATED RAILROAD COMPANY *et al.*

*v.*

JOHN NESVIG.

*Opinion filed February 21, 1905—Rehearing denied April 5, 1905.*

1. NEGLIGENCE—*right of owner of premises to erect structure on land abutting on right of way.* The owner of or person authorized to use property abutting upon the right of way of a railroad or elevated railroad company has a right to erect structures up to the boundary line of the land, provided they do not extend upon or overhang the right of way, and, where the railroad company has notice of the structure, is not liable for an injury to the railroad company's employee caused by the nearness of the structure to cars passing on the right of way.

2. RAILROADS—*when railroad company is guilty of negligence.* An elevated railroad company having actual or constructive notice of the presence of a pole lawfully erected by an electric company, under authority from the city, wholly outside of the right of way but in dangerous proximity to trains passing upon one of the double tracks of the railroad company, is guilty of negligence in continuing to operate its trains past the pole under such conditions.

3. APPEALS AND ERRORS—*when judgment must be reversed as to all the defendants.* A judgment in an action of trespass is a unit against all defendants against whom it was rendered, and if it must be reversed for error as to one it must be reversed as to all.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

FRANCIS W. WALKER, and EDWARD C. NICHOLS, for appellant the South Side Elevated Railroad Co.

FRANCIS J. SULLIVAN, for appellant the Cosmopolitan Electric Co.

MARVIN E. BARNHART, and L. L. BOMBERGER, for appellee.

Mr. Justice Boggs delivered the opinion of the court:

On the 17th day of August, 1900, the appellee, while in the employ of the appellant railroad company as a guard on one of its elevated trains and while stationed on the platform of one of the cars of the train, leaned outward in the endeavor to look under and inspect the car in the rear of the one he was on, and was injured by his head coming in contact with a pole which stood on a public alley at a distance, as variously estimated by the witnesses, of from eight to sixteen inches from the outer edge of the car. To recover the damages occasioned by his injuries he brought this action on the case against the appellant railroad company and the Chicago Edison Company, and afterwards so amended his declaration as to make the Commonwealth Electric Company and appellant Cosmopolitan Electric Company defendants. He afterwards discontinued the cause as to the Chicago Edison Company and the Commonwealth Electric Company. Separate pleas of not guilty were entered by both appellants, and upon a hearing before a jury a verdict was returned and judgment in the sum of $8000 entered thereon against the appellants, jointly. The cause was removed to the Appellate Court for the First District by separate appeals perfected by the respective defendants, and the appeals were there, by consent, heard together and the action of the trial court was affirmed. Each of the said companies perfected its separate appeal to this court, and by agreement the two appeals have been submitted for decision together though upon separate briefs and abstracts.

At the close of all the evidence on the trial in the superior court each appellant moved the court to peremptorily instruct the jury to return a verdict of not guilty. The court denied the motions, and this ruling of the court presents the first question for our consideration.

We think the court should have peremptorily directed a verdict of not guilty as to the appellant the Cosmopolitan

Electric Company. The South Side Elevated railroad, in the city of Chicago, was completed and ready for the operation of trains thereon on June 6, 1892. It has two tracks carried on an elevated structure, the top of the rails being twenty-one feet from the ground. The railroad company owned the right of way of its road except where the same crossed streets or alleys. The right of way extends along the west side of the alley which runs north and south through the block south of Eighteenth street and east of State street. The right of way abuts the western edge of the alley. The alley was paved and the pole had been set in the alley some six years after the railroad had been constructed, and had been there about two years at the time the appellee was injured. The pole stood in the alley, and the pavement extended on all sides of it. The pole was standing straight, and did not lean over any part of the right of way. While there was some variation in the estimates or measurements of the witnesses as to the distance between the side of the car and the pole, it plainly appeared from all of the testimony that the outermost edge of the structure which the railroad company had constructed whereon to place its tracks, extended to the line of the alley. The testimony of the witnesses in behalf of the appellee tended to show there was a space of only eight or ten inches between the pole and the side of a car standing upon the track of the railroad, while that upon behalf of the appellant railroad company (none was introduced on behalf of the electric company) was that it was fourteen inches between the side of the car and the pole and nineteen and one-half to twenty and one-half inches between the gate of the car and the pole, but that the pole, from the bottom to the top, was wholly within the alley was established without contradiction or dispute. It was also shown without controversy that the electric company and the railroad company are entirely distinct corporations; that the pole was not used by the railroad company nor had the railroad company any control of it; that the electric company

214—30

did not furnish light or power to the railroad company, and had no connection with the operation of its trains or otherwise with the transaction of the business of the railroad company.

The evidence tended to show that the electric company owned, used and maintained the pole, and the right of recovery against that company is based upon the insistence that it was guilty of negligence "in maintaining the pole so near the track as to endanger the employees of the railroad company when in the discharge of their duty" as such employees. The doctrine thus insisted upon by the appellee is, plainly stated, that the owner of or the person entitled to the use of premises upon which the right of way of a railroad company abuts cannot place on such premises any structure or object which, though within the limits of such premises and not within or overhanging the limits of the right of way, is so near to the edge of the right of way that persons engaged in conducting the operation of trains of the railroad company, in discharging such duties, may come in contact with such structure or object and be injured thereby. Or, stated otherwise, a railroad company, in constructing the road upon which to operate its trains, may locate its tracks upon its right of way on the theory that those who own or are entitled to use premises upon which the right of way of its road abuts, owe it as a duty of care to those who may be employed by the railroad company to operate its trains, to forbear from placing or maintaining any object or structure on their premises in such close proximity to the right of way of the railroad company that there will not be sufficient space outside and beyond the limits of the right of way which the employees of the railroad company may occupy while engaged in the discharge of their duties connected with the operation of the trains of the railroad company without being placed in danger of coming in contact with such object or structure, and that in pursuance of this theory the railroad company may lay the tracks of its road so near the margin of its right

of way as that in operating trains its servants must go beyond the right of way and on the adjoining premises. The enforcement of such a doctrine would extend the practical and potential ownership of the railroad company beyond the boundary line of its right of way and to the premises of others, and to a corresponding extent would deprive the owner of the premises upon which the right of way abutted, of the use, and practically of the ownership, of a portion of his property. The doctrine needs but to be stated plainly to be at once rejected. Whether it would have been deemed negligent to erect the pole in the alley so near the tracks, at the time it was erected, the road being then in operation, without notice to the railroad company, does not arise for decision, as the pole had, to the knowledge of the railroad company, been in place in the alley for two years before the appellee was injured.

Counsel for the appellee, in their brief, state their insistence that the electric company and the railroad company were guilty of negligence as one point, and cite as in support of both propositions thereof a number of judicial decisions and 1 Thompson on Negligence, sections 1236 to 1239. In none of such citations do we find authority for the position that the electric company was guilty of negligence in maintaining a pole that was not upon and did not overhang the right of way of the railroad company. We cannot review all of the cases so cited by counsel. We will refer to those decided in our own State. In *Chicago, Burlington and Quincy Railroad Co.* v. *Gregory,* 58 Ill. 272, the railroad company was held guilty of negligence in permitting a "mail catcher" to stand on its right of way in such close proximity to its tracks as to be dangerous to those employed in operating its trains. In *Chicago and Iowa Railroad Co.* v. *Russell,* 91 Ill. 298, the railroad company was held liable for an injury which was occasioned by its negligence in operating its trains in too close proximity to a telegraph pole, by which the appellee was struck while climbing down the ladder of a

car which the company was operating; and the negligence which was held actionable in *Illinois Terminal Railroad Co. v. Thompson,* 210 Ill. 226, was that of the railroad company in knowingly permitting a telegraph pole to remain for several years in dangerous proximity to its track. In *Chicago and Alton Railroad Co.* v. *Stevens,* 189 Ill. 226, the negligence for which recovery was allowed was that of the railroad company in knowingly operating its trains in close proximity to a coal chute.

In the sections of Thompson's work on Negligence cited by appellee, the subject touched upon by the learned writer is the liability which a telegraph or telephone company which has availed itself of a license to place its poles in public streets and alleys, incurs or may incur because of injuries sustained by persons traveling along the public street or alley which were occasioned by the location of such poles therein, the falling or giving way thereof, or the sagging of its wires, etc., in such manner as to endanger those passing along the highway. In section 1239 reference is made to the case of *Enslew* v. *New Orleans; etc. Railroad Co.* 21 So. Rep. 153; and counsel also cite that case as authority for their contention that the appellant electric company was guilty of negligence in maintaining and using a pole in the alley in such close proximity to the right of way of the railroad company. But the case declares no such principle. The facts in that case were, that the electrical company supported one of its poles with guy-wires, and placed one of such guy-wires across and above the tracks of the railroad company in such manner as that there was not sufficient space for the trains to pass beneath the wires without endangering such of the train crew as were called to go upon the top of the cars, and the liability adjudged against the electrical company was that it negligently strung its wires across the right of way of the railroad company. In the case at bar the electric company, more than two years before the appellee was injured, erected the pole in the alley. The pole stood per-

pendicular, did not lean toward the right of way, but was wholly and throughout its entire length in the alley. A portion of a street or alley, under a municipal license, may be lawfully occupied by the poles of an electrical company, and we know of no authority or of any reason for the view that a right of action existed against the electric company because it was maintaining and using the pole in the alley when appellee was injured while engaged in the work of operating the train of the railroad company on its right of way.

The court erred in not directing a peremptory verdict in favor of the appellant electric company. That error requires the reversal of the judgment not only as against the electric company but also as to the railroad company, for the reason that a judgment in an action in trespass, as well as in all other actions at law, is a unit as to all the defendants against whom it is rendered, and if it must be reversed for error as to one it must be reversed as to all. *Seymour* v. *Richardson Fueling Co.* 205 Ill. 77.

As the case must be again heard, it is necessary that certain of the contentions of counsel relative to the rulings of the court as to the liability of the railroad company should have our attention.

If the close proximity of the pole constituted a source of danger to the employees of the railroad company, it was not essential to the liability of the company that it should have been proven that the company had in any way participated in placing the pole in the alley. The railroad company owned its right of way, and had the right to construct one or more railroad tracks thereon and to operate its trains on such tracks to the full extent that its right of way was of sufficient width for such purpose. Private property abutted on the right of way on the west and an alley abutted thereon on the east. The owners of the private property had the right to erect structures on their property to the line thereof, and the municipality possessed the power to authorize the placing of telegraph, telephone and electric light poles, or the

structure for another elevated railroad, in the alley, and the poles or structures might lawfully occupy the alley to the line of the right of way of the railroad company, not only at the surface of the alley but upward, as may the structures placed there by other owners of property.. When acquiring its right of way the appellant railroad company should have considered the space that would be required to operate a double track railway with safety to its employees. The exercise of its duty toward its employees demanded that it should place its tracks at such distance from the line of its right of way as that there would be sufficient space between its cars and objects which might be lawfully placed on the private property adjoining its right of way on the west or in the public alley which adjoined its right of way on the east, as would be requisite to enable its employees to perform their duties in connection with the movement and safety of its trains without danger of injury arising from the proximity of the cars to objects on the premises adjoining the right of way. In such cases it is not essential to the liability of the company in case an injury is occasioned by some object or structure on premises adjoining the right of way, that the company should have itself placed or participated in placing the object or structure on the adjoining premises. If the company has notice of the existence of any such object or structure, or if notice may be presumed from length of time since the object was·placed thereon, or if the company is otherwise chargeable with notice, it is negligence on the part of the company to continue to operate its trains in such dangerous proximity to such objects or structures. (*Illinois Terminal Railroad Co.* v. *Thompson,* 210 Ill. 226.) The railroad company can not, of course, compel the removal of objects or structures lawfully on the premises of others, but that fact does not in any degree justify it in continuing to operate its trains and endangering its employees. If the right of way is not wide enough to permit it to operate a double track road without endangering its employees, it may acquire the necessary ad-

ditional right of way or operate its trains on but one of its tracks.

Whether appellee assumed the risk of injury from this electric light pole, and whether he was in the exercise of ordinary care, were properly regarded by the trial court as questions of fact, to be determined by the jury under proper instructions.

The judgment of the superior court and that of the Appellate Court are each reversed, and the cause is remanded to the superior court of Cook county for such other and further proceedings as to law and justice shall appertain.

*Reversed and remanded.*