## L. M. Woods, Appellee, v. James N. Bowman and Samuel Hardin. James N. Bowman, Appellant.

1. TRIAL, § 168*—*when character of relationship question for court.* Where the facts are undisputed, the existence of the relationship of master and servant or bailor and bailee between two persons is a question for the court.

2. BAILMENT, § 3*—*when garage man bailee for hire.* A garage man who receives an automobile for repairs from the administrator of an estate, so that it may be in proper condition for a public sale, is a bailee for hire, and not a servant.

3. MASTER AND SERVANT, § 1*—*who is servant.* A servant is one who is employed to render personal service to his employer otherwise than in the pursuit of an independent calling, and who remains entirely under the control and direction of the latter.

4. MASTER AND SERVANT, § 1*—*when garage man not servant.* A garage man who receives an automobile for repairs from the administrator of an estate, so that it may be in a proper condition for public sale, is not a servant, but a bailee for hire.

5. BAILMENT—*when bailor not liable for acts of bailee.* A bailor is not liable to third persons for injuries received through the negligence of the bailee.

6. AUTOMOBILES AND GARAGES, § 2*—*when administrator not personally liable to third person for negligent act of garage man.* An administrator of an estate who hires a garage man to repair automobiles belonging to the estate for the purpose of a public sale,

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

being a bailor, is not personally liable to a third person for personal injuries caused by the garage man while returning from the premises belonging to the estate, where he had delivered a repaired car, in one of such cars, for the purpose of taking out another repaired car to such premises.

7. TORTS, § 32*—*when joint judgment void as to both wrongdoers.* A joint judgment which is invalid as to one wrongdoer is void as to the other.

8. APPEAL AND ERROR, § 1802*—*when cause reversed and remanded.* Where a joint judgment is void as to one wrongdoer because invalid as to the other, it must be reversed as to both and the cause remanded.

Appeal from the Circuit Court of Christian county; the Hon. JAMES C. McBRIDE, Judge, presiding. Heard in this court at the April term, 1915. Reversed and remanded. Opinion filed October 13, 1915. Rehearing denied December 11, 1915.

C. H. SHAMEL and R. C. NEFF, for appellant.

J. E. HOGAN and J. A. MERRY, for appellee.

MR. PRESIDING JUSTICE ELDREDGE delivered the opinion of the court.

Appellee recovered a judgment in the sum of $1,800 against James N. Bowman, appellant, and Samuel Hardin, in an action on the case for damages for personal injuries received by him from being hit by an automobile driven by said Hardin belonging to the estate of John Bowman, deceased, of which James N. Bowman, appellant, was administrator. The original declaration made James N. Bowman a party defendant as administrator of said estate. This was subsequently amended so as to make appellant Bowman a party defendant in his own proper person and not as such administrator. Bowman alone prosecuted this appeal.

Many assignments of error have been presented in the argument of counsel for appellant, but from the

view we take of the case but one will be necessary to be noticed as it will dispose of the others.

The evidence shows that John Bowman in his lifetime was a farmer, living about a mile and a half west of the Village of Stonington. He was a bachelor, and upon his death his cousin, James N. Bowman, appellant, was appointed administrator of his estate. Among other items of personal property owned by the deceased at the time of his death were five automobiles. Appellant, as such administrator, took possession of the personal property and advertised the same, including these automobiles, for sale at an administrator's sale, held on the 3rd day of November, A. D. 1913. In order to prepare these automobiles for the sale, appellant Bowman, as administrator, made an agreement with his codefendant, Hardin, who ran a garage, to go out to the farm, get the cars, take them to the garage, repair them and return them to the farm for the sale. On the morning of the day of the sale, Hardin and his assistant began taking the cars from the garage to the farm. The method pursued was as follows: The assistant would drive one of the cars to the farm and Hardin would follow him with another car so as to bring back the assistant. Several cars had been delivered in this manner, and it was while Hardin was returning with his assistant in one of the cars in order to take out another car that the accident happened. There were many people, including appellee, walking along the highway to the farm for the purpose of attending the sale, and it is charged in the declaration that Hardin so negligently drove the car that he caused it to strike appellee producing the injuries complained of.

The theory of appellee on which he bases his claim of liability against appellant Bowman is, that Hardin was the servant and employee of Bowman and that the latter was therefore responsible for Hardin's negli-

gence. It is the contention of appellant that the relation of bailor and bailee existed between him and Hardin, and that as bailor he was not responsible for the bailee's negligence. It is first insisted by appellee that it was a question of fact for the jury to determine from the evidence, whether there was created the relation of bailor and bailee, or master and servant. This might ordinarily be true if there was any conflict of evidence upon these propositions, or if there was any evidence tending to show that the relation of master and servant existed. But the facts in regard to these questions are as have been heretofore stated herein, and are undisputed. Whether a certain uncontroverted state of facts creates the relation of master and servant or that of bailor and bailee is a question of law.

When a garageman receives an automobile for repairs to be made for the mutual benefit of the owner and the repairer he becomes a bailee for hire. *Ford Motor Co. v. Osburn*, 140 Ill. App. 633. A servant is one who is employed to render personal services to his employer otherwise than in the pursuit of an independent calling, and who remains entirely under the control and direction of the latter. Appellant had no control over Hardin, nor did he give any directions as to what repairs should be made, nor how they should be done. Hardin was engaged in the independent calling of running a garage and making repairs on automobiles. He was not in any sense the employee of appellant. Appellant contracted with him to take the cars from the farm to the garage, repair them, return them to the farm, and demonstrate them at the sale, and it was while Hardin was fulfilling that part of the contract of returning the cars to the farm that the injury happened. That a bailor is not liable to third persons for injuries received through the negligence of a bailee is well settled. *McColligan v. Pennsylvania R. Co.*, 214 Pa. 229.

The decisions are substantially unanimous in holding that an owner of an automobile is not responsible for injuries to third persons caused by the negligence of bailees, of servants using said cars for their own personal pleasure, or business, or of persons over whom the owner had no control. Thus it was held in the late case of *Segler v. Callister,* 167 Cal. 377, that the owner of an automobile who had delivered it to a mechanic to repair was not liable for personal injuries resulting to a third person from a collision due to the negligence of the mechanic while testing the car in the due performance of his work by operating it on a public street.

In the case of *Woodcock v. Sartle,* 84 Misc. (N. Y.) 488, 146 N. Y. Supp. 540, it was held that a mechanic engaged by the owner of an automobile to repair his car on his premises at a specified sum per week was an independent contractor, it appearing that the repairs were left entirely to his judgment, and that the owner was not liable for an injury to a third person which occurred through the negligent operation of the car while the mechanic was testing it.

In the case of *Hartley v. Miller,* 165 Mich. 115, it was held that the owner of an automobile riding in his own car, but as the guest of a person who had borrowed and was driving the machine, was not liable to a third person injured by the driver's negligent operation thereof. See also, note 51 L. R. A. (N. S.) 772.

From the undisputed facts shown by the record in this case there can be no liability against appellant Bowman, and as he alone perfected an appeal, it is unnecessary to decide any of the other questions raised; but as the judgment is against him and Hardin jointly, it must be reversed as to both and the cause remanded. *South Side El. R. Co. v. Nesvig,* 214 Ill. 463; *Seymour v. O. S. Richardson Fueling Co.,* 205 Ill. 77; *West Chicago St. R. Co. v. Morrison, Adams & Allen Co.,* 160

Ill. 288; *Claflin v. Dunne*, 129 Ill. 241; *Jansen v. Varnum*, 89 Ill. 100. The judgment is reversed and cause remanded.

*Reversed and remanded.*