Roman J. Perong, Appellee, v. John F. Eudeikes, Appellant.

Gen. No. 26,613.

MASTER AND SERVANT—*liability for act of servant loaned to another.* Where defendant, the owner of an automobile, loaned it and the driver to an auto livery company to be used by the latter in connection with a funeral it was conducting and, between the time the machine left defendant's premises and its return, defendant gave the driver no orders or instructions except to report to the auto livery company, and defendant had no connection with the funeral and was paid by the livery company for the use of the machine and its driver, the driver became during that time the servant of the livery company and the defendant was not liable for injuries resulting from his negligence during such service.

Appeal from the Circuit Court of Cook county; the Hon. JESSE A. BALDWIN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1920. Reversed with finding of facts. Opinion filed November 29, 1921. *Certiorari* denied by Supreme Court (making opinion final).

WEST & ECKHART, for appellant; WILLIAM ROTH-MANN, of counsel.

CHARLES V. BARRETT and GEORGE E. GORMAN, for appellee.

MR. JUSTICE MORRILL delivered the opinion of the court.

Action was brought by plaintiff, and appellee, against defendant, and appellant, to recover damages sustained by the plaintiff in an automobile accident which occurred on March 7, 1918, near or at the intersection of Western avenue and Twenty-third street in Chicago. Plaintiff alleges he was struck and knocked down by the automobile in question, of which defendant was the owner and which was being driven and operated by the servant or agent of the defendant. There was

Perong v. Eudeikes, 223 Ill. App. 72.

a trial before the court and jury resulting in a verdict and judgment for $2,500 in favor of the plaintiff. A reversal of that judgment is now sought upon the ground that the defendant was not responsible for the alleged negligence of the driver. Other grounds for reversal are also urged.

The declaration originally consisted of five counts, three of which were disposed of prior to the trial, so that the case was submitted to the jury on the first and second counts alone. The first count alleged that the defendant was carelessly and negligently operating said automobile; that the same was driven upon and against the plaintiff and that the plaintiff was knocked down and run over and greatly injured. The second count averred that defendant violated the ordinance of the City of Chicago declaring it unlawful for any person driving or having charge, possession or control of any vehicle driven or operated upon the streets of the City of Chicago upon overtaking any street car which is stopped for the purpose of discharging or taking on passengers to permit or cause said vehicle to come within 10 feet of such car. There was a plea of the general issue and a special plea alleging that the defendant at the time of the accident was not in possession or control of and was not driving or operating the automobile in question by his servant or agent or otherwise, and that the person who was then driving and operating said automobile was not the servant or agent of the defendant.

The evidence shows that on March 7, 1918, plaintiff was riding on a street car going in a northerly direction along Western avenue; that as the car approached Twenty-third street he was standing on the rear platform and noticed a number of automobiles on the street, the nearest of which was about 150 feet from the street car. Plaintiff alighted from the car and went in a northeasterly direction to the corner of the intersecting streets. While passing from the street car to the

sidewalk he was struck by the automobile and suffered the injuries set forth in the declaration.

It is conceded that the automobile in question was the property of the defendant and that its driver was in the general employ of the defendant, who at that time was conducting an undertaking and livery business and owned and operated several automobiles. On the morning of the day of the accident defendant had loaned the automobile in question, together with the driver thereof, to the Hoyne Auto Livery in compliance with its request. The Hoyne Auto Livery, which was also in the livery and undertaking business, had requested the use of the automobile in question, together with its driver, in connection with a funeral which it was conducting on that day and which involved a trip to Waldheim Cemetery. The only instruction which the defendant gave to his driver was to report to the Hoyne Auto Livery. Between the time the machine left the defendant's premises and its return, defendant gave the driver no orders or instructions whatever, except as above stated. The defendant had no connection with the funeral in question and the particular automobile which figured in the accident was the only vehicle belonging to defendant which took part in the funeral procession. The defendant did not accompany the machine to the funeral and was not with it at the time of the accident. Defendant was paid by the Hoyne Auto Livery for the use of the machine and its driver. These facts are undisputed.

It is apparent that plaintiff's right to recovery depends solely upon whether or not the relationship of master and servant existed between defendant, who was the owner of the automobile, and the driver thereof at the time the accident occurred, thereby rendering the master liable for the negligence, if any, of his servant the driver. It must be admitted that the doctrine of *respondeat superior* will not apply unless this relationship exists. The master is one in whose busi-

'ness the servant is engaged at the time and has the right to control and direct the servant's conduct. It has been held in many cases that a person may be in the general employment of one but loaned to another in such a way as to become the servant for the occasion or for a limited time of the person to whom the servant is loaned. *Harding v. St. Louis Nat. Stock Yards,* 242 Ill. 451. The question to be considered in this case is whether the driver of the automobile by which the plaintiff was injured was the servant of defendant or the servant of the Hoyne Auto Livery in this particular transaction. Similar questions have been before the courts of this State in a number of instances and the courts have uniformly held that where the servant is temporarily loaned by the master to another for some special service and the servant for the time being becomes wholly subject to the direction and control of the person to whom loaned and for whom the special service is being performed and is wholly free during such period from the direction of his master, he becomes for such period the servant of the person to whom he is loaned. *Pittsburg, C., C. & St. L. Ry. Co. v. Bovard,* 223 Ill. 182; *Grace & Hyde Co. v. Probst,* 208 Ill. 147; *Wheeler v. Chicago & W. I. R. Co.,* 267 Ill. 326.

The Supreme Court of this State in a recent case has recognized that the liability of the owner rests upon the existence of the relationship of master and servant between the driver of the automobile and the owner and that this depends upon whether or not the driver of the automobile at the time of the accident was engaged in doing the owner's business. Even if we assume that negligence has been shown in the driving of the machine, we must determine the question of whether or not the owner is liable therefor. *Arkin v. Page,* 287 Ill. 420. In that case it was held that an essential element in the creation of the relationship where third persons are involved is the use being made

of the automobile, which must be in furtherance of and not apart from the service and control of the master. In this case it is apparent from the evidence that the relationship of master and servant did not exist between the defendant and the driver of the machine at the time the accident occurred.

We have carefully examined the authorities cited by appellee and find that they are not adverse to the propositions above indicated. The case of *Foster v. Wadsworth-Howland Co.*, 168 Ill. 514, cited by appellee, established that an independent contractor is not a servant and that an owner of a vehicle cannot be held liable for accidents occurring while the vehicle was under the control of such independent contractor. The case of *Fritz v. F. W. Hochspeier Co.*, 287 Ill. 574, which is also cited by appellee, involved a question of bailment. The court held that when a hired vehicle is used for a purpose different from that stipulated in the contract of hire, the driver is not the agent of the owner in using the vehicle at the direction of the bailee. As stated in appellee's brief, these are the principal Illinois authorities upon which he relies and they do not controvert the proposition for which appellant contends, that the driver of an automobile is not the agent or servant of the owner unless he is engaged in the furtherance of the owner's business and acting under his direction and control. This view of the law has been sustained by an unbroken line of decisions of the Supreme Court of this State, some of which are cited above, so that it seems unnecessary to review in detail the authorities cited from other jurisdictions.

It is also contended by appellant that the plaintiff was not in the exercise of ordinary care for his own safety at the time of the accident and that the averment of the declaration upon that subject was necessary and material, and was not proved by plaintiff. The evidence tends strongly to sustain this contention,

but we do not deem it necessary to discuss this or other questions raised by the briefs in view of our conclusion that plaintiff is not entitled to recover for the reason that the driver of the automobile under the circumstances involved herein must be regarded as the servant or agent of the Hoyne Auto Livery and not of the defendant.

The judgment of the circuit court is reversed with finding of facts.

*Reversed with finding of facts.*

Gridley, P. J., and Barnes, J., concur.

Finding of facts. We find as ultimate facts that the automobile involved in the accident was loaned to the Hoyne Auto Livery at the time of the accident and that the driver thereof was not the servant or agent of the defendant at that time, and that the defendant was not guilty of the negligence charged in the declaration.