## Prince Anna Freeman, Appellee, v. Henry Dixon, on Appeal of Lee H. Harlan, Appellant.

### Gen. No. 28,500.

1. Highways—*liability of owner for acts of motor car driver.* If the driver of an automobile is not the servant, employee or agent of the owner and is not engaged in any way in the furtherance of the owner's business or interests, and is not under his direction and control, no obligation on the owner by reason of the driver's negligence arises.

2. Highways—*direction of verdict in action for automobile injury.* In an action for damages against the driver and the owner of an automobile where the evidence showed, overwhelmingly, that the driver was not the agent, servant or employee of the owner and that he had no right to use the car on the day in question a verdict against such owner was manifestly against the weight of the evidence and the court, at the close of the evidence, erred in refusing to direct a verdict of not guilty as to him.

3. Appeal and error—*affirmance as to some and reversal as to others.* An entire judgment against several defendants cannot be affirmed as to one and reversed as to the others.

Freeman v. Dixon, 233 Ill. App. 196.

4. APPEAL AND ERROR—*reversal and remand of joint judgment.* In an action against both the owner and the driver of an automobile which struck plaintiff, where the evidence overwhelmingly showed that the driver was not the servant or agent of the owner and was using the car without a right to do so, and the motion on behalf of the owner for a directed verdict should have been allowed, a judgment against both defendants must be reversed and the cause remanded.

Appeal by defendant from the Municipal Court of Chicago; the Hon. J. H. RAGSDALE, Judge, presiding. Heard in the third division of this court for the first district at the March term, 1923. Affirmed. Reversed as to Harlan and reversed and remanded as to Dixon. Opinion filed June 11, 1924.

ELLIS & WESTBROOKS, GEORGE W. BLACKWELL, HARRIS B. GAINES, JAMES S. WINFREY, W. CHESTER KITCHEN and FRANKLIN A. LOVELACE, for appellant; RICHARD E. WESTBROOKS, of counsel.

No appearance for appellee.

MR. PRESIDING JUSTICE TAYLOR delivered the opinion of the court.

The plaintiff Freeman brought suit against the defendants Henry Dixon and Lee H. Harlan, claiming that Dixon, while acting as the chauffeur for the defendant Harlan, and while driving an automobile of Harlan's on Oakwood Boulevard near its intersection with Vincennes Avenue, in Chicago, and "while the plaintiff was with all due care and diligence then crossing said streets" so carelessly and improperly drove and managed the automobile that by his negligence he ran into and struck her and seriously injured her. The defendant, Dixon in an affidavit of merits claimed that at the time in question he was in the exercise of due care; that he was not the agent, servant or chauffeur of Harlan; that the injury to the plaintiff was caused by her negligence. Defendant Harlan, in an affidavit of merits, claimed that he was not guilty of the negligence charged, and that

the defendant Dixon was not his agent, servant or chauffeur at the time of the alleged injury. There was a trial with a jury, and a verdict, and judgment against the defendants Dixon and Harlan in the sum of $575.00. This appeal is therefrom.

On an examination of the record, and of the brief filed on behalf of the defendant Harlan—no brief being filed on behalf of the defendant Dixon—we find that the questions whether Harlan was Dixon's employer, and whether a joint judgment against the two defendants could properly be entered, are determinative of this appeal.

As to the relation between Dixon and Harlan, and as to its bearing on the question as to whether Dixon was the agent, servant or chauffeur of Harlan, the evidence is substantially as follows:—The collision occurred about five o'clock on November 2, 1920, at the intersection of Vincennes Avenue and Oakwood Boulevard, Chicago. The plaintiff walked north on the east side of Vincennes Avenue, a north and south street, and when she got to Oakwood Boulevard, an east and west street, she looked both ways. She saw no traffic going east, but saw two automobiles going west together, and one in the rear. She walked to the safety island, and while waiting for the second automobile to pass, her clothing was caught by the automobile driven by Dixon, and she was knocked down and thrown some distance from the safety island. Eight of her teeth were knocked out; her nose was broken, her chin, one of her shoulders, and one of her arms bruised; and one of her legs, over which the automobile ran, was bruised. According to the testimony of one Blackburn, which was allowed to be introduced at the trial only as against the defendant Dixon, Dixon gave Blackburn his name, and said he was a chauffeur for some doctor, and was the driver of the car. Blackburn testified, further, that the automobile was going 27 or 30 miles an hour; that a yellow cab, which was going by at about the same time,

Freeman v. Dixon, 233 Ill. App. 196.

was going 25 or 26 miles an hour; that he thought the automobile in question, which was black and which appeared to be a Buick, was trying to pass the yellow cab when the collision occurred.

A letter purporting to be written by the defendant Dixon, and dated November 7, 1920, and sent to the husband of the plaintiff, was offered in evidence. It was objected to as to the defendant Harlan, but received in evidence as against the defendant Dixon. In the letter, which was signed by Dixon, the following was recited: "I am the young man that hit you with the machine Tues. the 2nd of Nov. about 6 p. m. I want you to understand that I am only the chauffeur of the car," etc.

The defendant Harlan testified that he was a physician and surgeon; that on November 2, 1920, he did not have any one in his employment by the name of Henry Dixon; that from August, 1920, to the first of January, 1921, he did not give permission to Dixon or any other person to use his automobile; that he was not present at the time of the alleged accident; that it was about 9 o'clock that night when he first learned of it from Holston; that his automobile was in possession of Holston, who was in the automobile repair business, before he heard of the accident; that he sent it around to Holston that day; that he told Holston to leave it there until after he, the witness, closed his office, when he would call for it; that he did not have any knowledge that Dixon, or anybody else, had his car out at the time of the accident; that the last time he had a chauffeur was in May, 1920. On cross-examination, he testified that he first learned that his automobile was not at Holston's repair shop, when he, Holston, told him that Dixon had struck someone and had been taken to the 48th street station; that Dixon had not been in his employment since May, 1920; that he employed Dixon to teach him to drive; that when he had learned he had no further

use for him, and he had not been in his employment since May, 1920.

One Baker testified that he knew that in 1920 the defendant kept his automobile in a garage back of the undertakers; that he, the witness, was working there at the time; that in November, 1920, the defendant Dixon was not working for the defendant Harlan; that after May, 1920, no one ever came to the garage to get the automobile other than the defendant Harlan. The witness Beacham testified that she saw the defendant Dixon on the morning of November 2nd; that he was driving a Hudson Super Six for one Miller; that he drove her that morning; that defendant Dixon had been driving for Miller for quite a while prior to November 2, 1920; that Miller had a repair shop, and had two automobiles as taxicabs. On cross-examination, she testified that the defendant Dixon drove her from about one o'clock in the afternoon until two-thirty p. m.; that she saw defendant Harlan's car standing in front of his place about 4:30 that afternoon, and that at that time Holston was working on it, fixing a tire.

In the course of the trial, before any evidence was introduced, owing to the absence of defendant Harlan, who had not arrived at the court room, and the absence of defendant Dixon, who was out of the city, a motion was made on behalf of the defendant Harlan for a continuance. That subject was discussed between the trial judge and counsel, and the trial judge finally said, "Well you answered ready at 9:30 and it is now 10:18, and the case has been reached for trial. I will overrule your motion for a continuance, but you can make an affidavit or have the other defendant make an affidavit of what the witnesses would testify to if they were present in court, and counsel, I think, will admit that what is recited in the affidavits is what the witnesses would testify to in open court if they were present and testified;" and when the court

instructed the jury, he said, "The jury are instructed that in this case an affidavit was admitted and read to the jury stating what the other defendant, Dixon, would testify if he were present and what one other witness for the defendant would testify, the Court instructs you that you are not to disregard this affidavit in considering the preponderance of evidence, but take it that these witnesses would testify to the facts set forth in the affidavit." In the affidavit referred to, which was made by the defendant Harlan, it is recited as follows:

"That if said witness, Henry Dixon, was present he would testify that he, at the time of the alleged accident, was an experienced chauffeur and had been for six years previous thereto; that he was a careful driver and that at the time of the alleged accident he was not the agent, servant or employee of the said defendant, Harlan, and that he had no permission whatsoever from the said Harlan to use any automobile belonging to the said Harlan. * * *

"That the witness Arthur Holston will testify that the automobile driven by Henry Dixon was obtained from him and without any knowledge, consent, permission or acquiescence of the said defendant, Lee H. Harlan, and that the said Dixon represented to him, the said witness, that he, the said Dixon, was going to use the said car for his, the said Dixon's own personal benefit and not for the benefit of anyone else."

It will be seen, therefore, that there is nothing substantial in the record, outside of the letter of the defendant Dixon to the plaintiff's husband—which letter, under the law, is not to be considered against the defendant Harlan—tending to show that the defendant Harlan was in any way responsible for the injury to the plaintiff. The evidence shows, overwhelmingly, that the defendant Dixon was not the agent, servant or employee of the defendant Harlan; and that he had no right whatever to use the automobile of the defendant Harlan on the day in question.

It is the law that if the driver of an automobile is not the servant or employee or agent of the owner, and is not engaged in any way in the furtherance of the owner's business or interests, and is not under his direction and control, no obligation on the owner by reason of the driver's negligence arises. On that subject, the maxim *qui facit per alium, facit per se,* and the doctrine of *respondeat superior,* and the law of agency, are all akin and reasonable, but are inapplicable to disclose and give rise to an obligation *in tort,* unless there is evidence that shows that one in some way acted for another. *Perong v. Eudeikes,* 223 Ill. App. 72; *Orr v. Thompson Coal Co.,* 219 Ill. App. 116; *Arkin v. Page,* 287 Ill. 420; *Johnson v. Keystone Oil & Mfg. Co.,* 226 Ill. App. 632.

As there was no evidence which in any way tended to show negligence on the part of the defendant Harlan, the verdict as to him was clearly and manifestly against the weight of the evidence, and the court, at the close of the evidence, erred in refusing to direct a verdict of not guilty as to him.

Having reached that conclusion, the question then arises whether the judgment can be sustained as to Dixon. The law is that it cannot. In *Seymour v. Richardson Fueling Co.,* 205 Ill. 77, the court said: "An entire judgment against several defendants cannot be affirmed as to one and reversed as to the others. (*Hays v. Thomas,* Breese, 180.) Where the judgment is entire, there must be a total affirmance or reversal." And in *West Chicago St. R. Co. v. Morrison, Adams & Allen Co.,* 160 Ill. 288, the court said: "It is also a rule applicable to trespass, as well as to all other actions at law, either for torts or upon contracts, that the judgment is a unit as to all the defendants against whom it has been rendered and cannot be reversed as to one or more of them and affirmed as to the others, but if erroneous as to one is erroneous as to all." *Christensen v. Johnston,* 207 Ill. App. 209; *Livak v. Chicago & Erie R. Co.,* 299 Ill. 218.

Inasmuch, therefore, as the motion on behalf of the defendant Harlan, at the close of the evidence, that a verdict be entered finding him not guilty, should have been allowed, and as the judgment finally entered was against both Dixon and Harlan, and cannot be affirmed as to one and reversed as to the other, the judgment is reversed and the cause remanded.

*Reversed as to Harlan, and reversed and remanded as to Dixon.*

O'Connor, J. and Thomson, J. concur.