Union Bank of Chicago, Administrator of the Estate of Jeanne Lola Nauman, Appellee, v. E. A. Kalkhurst et al., Defendants.

Appeal of Jack Kalkhurst, Appellant.

Gen. No. 35,407.

Heard in the second division of this court for the first district at the October term, 1931. Opinion filed February 23, 1932.

SANDERS, CHILDS, BOBB & WESCOTT, for appellant; W. L. BOURLAND and F. M. HARTMAN, of counsel.

PHILIP ROSENTHAL and STUART B. KROHN, for appellee and defendant in error; STUART B. KROHN, of counsel.

CHURCH, HAFT, ROBERTSON, CROWE & SPENCE, for plaintiff in error; WILLIAM T. CHURCH and BURT A. CROWE, of counsel.

MR. JUSTICE KERNER delivered the opinion of the court.

This was an action on the case brought under the statute by Union Bank of Chicago, as administrator of the estate of Jeanne Lola Nauman, deceased, against E. A. Kalkhurst, Jack Kalkhurst, Gertrude Hammes and Dorothy Marshall, for wrongfully causing the death of Jeanne Lola Nauman. During the trial the court directed verdicts of not guilty as to

E. A. Kalkhurst and Dorothy Marshall. The cause was tried before a jury and plaintiff recovered a judgment against Jack Kalkhurst and Gertrude Hammes for $10,000. To reverse this judgment Jack Kalkhurst appealed, and Gertrude Hammes sued out a writ of error. The appeal and writ of error were consolidated for a hearing.

The declaration consisted of four counts. The first count alleged that April 30, 1929, the defendants were possessed of, had charge and control of, and were operating a certain automobile in a southerly direction near 215 Fifth street, Wilmette, Illinois; that while plaintiff's intestate was proceeding westward across Fifth street, they carelessly, negligently and improperly drove, managed, ran, used, controlled and operated the said automobile southward on said highway so that it struck the plaintiff's intestate and as the result of said negligence, plaintiff's intestate sustained injuries resulting in her death April 30, 1929. In the second count the charge is wilful and wanton negligence. In the third and fourth counts the respective charges are the negligent propelling through a residence portion of an incorporated city at a speed of 40 miles an hour, and the negligent propelling of the automobile at a dangerous rate of speed without giving warning of its approach. Each count alleges that the parents of the deceased and her next of kin were at all times in the exercise of ordinary care for her safety. The defendants, Jack Kalkhurst and Gertrude Hammes, each pleaded the general issue and special pleas of nonownership and operation.

The record discloses that about 7 o'clock on the evening of April 30, 1929, a number of children were playing on the east side of the street near the home of the deceased at No. 215 Fifth street, Wilmette; that at the time of the accident Gertrude Hammes, accompanied only by one Dorothy Marshall, was driving an automobile south on the right or west side of the street

and the deceased, seven and one-half years of age, was running from the east to the west side of the street, and while so running and when at a point three feet from the west curb she was struck by the automobile receiving injuries which caused her death.

The remaining undisputed facts, as shown by the evidence, are that E. A. Kalkhurst, the owner of the automobile, on the evening in question gave permission to his son Jack, then 18 years of age, to take and use the automobile; that Jack drove the automobile to the home of one Ray Marshall, where he met Gertrude Hammes and Dorothy Marshall; that Dorothy Marshall did not know how to drive an automobile, of which fact Jack had knowledge; that Dorothy requested he take her for a ride but he replied he came to see her brother; that thereupon Gertrude Hammes, then 16½ years of age, and who to Jack's knowledge had driven an automobile before, said she would take the automobile around the block while Ray and Jack were talking; that Jack gave the key to the automobile to Dorothy and she gave it to Gertrude and the two girls entered the automobile and drove away, Gertrude doing the driving. There was no evidence that Gertrude was an incompetent driver, but on the contrary the evidence shows that she had considerable experience in the operation of automobiles, having driven an automobile every day for a year and that she never had any previous accident.

Various errors are assigned. We have deemed it necessary to consider only the first point made as it seems to be decisive of the case. The contention made by appellant is that there is no evidence to establish liability on his part for the injuries suffered by appellee's intestate. It is his contention that the lender of an automobile is not liable to third persons for the negligent acts of the borrower while using it for her own purpose.

The rule is now firmly established that an automobile is not so dangerous an agency as to make the owner liable for injuries caused by it regardless of the agency of the driver and that it is not dangerous *per se* (*Arkin v. Page,* 287 Ill. 420), and the owner who merely permits another to use it for his own purpose is not liable for the negligence of the person so using it. (*White v. Seitz,* 342 Ill. 266; *Andersen v. Byrnes,* 344 Ill. 240.) But, say appellee's counsel, its claim of liability against the appellant is that Gertrude was acting as the agent of appellant, and in arguing for an affirmance say that before appellant gave the key to Dorothy Marshall he knew that she did not know how to, and could not, drive the automobile, and that it would be necessary in order to fulfill the purpose for which he delivered the key to Dorothy for someone to drive her, and he thereby appointed Gertrude his agent to drive Dorothy Marshall and therefore he is liable for any negligent act on her part while so acting. On the other hand, it is the contention of appellant that the evidence clearly shows that the relation between Gertrude and the appellant was that of bailor and bailee, and not that of master and servant; that the legal situation contended for by appellee did not arise. In support of its contention appellee's counsel cites *Gates v. Mader,* 316 Ill. 313, in which the owner of the automobile desired to have his wife, who could not drive the automobile, attend a party and for the purpose of conveying her to the party gave her permission to get someone else to drive it. A son of the defendant drove the automobile and on the way the accident happened. The court in affirming the judgment placed its decision upon the relation of master and servant. After an examination of *Gates v. Mader, supra,* we are of the opinion that it is not applicable to the facts in the instant case.

The general rule is that a party injured by the negligence of another must seek his remedy against the

person who caused the injury. To this general rule the cases of master and servant and principal and agent are exceptions and the negligence of the servant or agent is imputable to the master or principal, but to bring the case within the exception it is necessary to show that the relation of master and servant or principal and agent exists between the person at fault and the one sought to be charged for the result of the wrong, and the relation must exist at the time and in respect to the particular transaction out of which the injury arose. (*Mosby v. Kimball,* 345 Ill. 420, 427.) A servant is one who is employed to render personal services to his employer, and who in such services remains entirely under the control and direction of the latter. (*Woods v. Bowman,* 200 Ill. App. 612, 615.) In the instant case there was no evidence of any employment of Gertrude by the appellant and consequently there was no relation of principal and agent, and it is clear that Gertrude was in actual, active control and operation of the automobile in her own behalf, and that she undertook what she did in the driving of the automobile for her own pleasure and not as the agent of the appellant.

It is also claimed that appellant was negligent in turning over the automobile to an incompetent driver and that mere age alone is sufficient evidence of incompetence. It is true that although an automobile is not a dangerous instrument *per se,* yet it may become such if operated by one who is unskilled in its use. And, where the owner intrusts such a machine to an inexperienced or incompetent person, liability for damages may arise (*Elliott v. Harding,* 107 Ohio St. 501, 140 N. E. 338; *Robertson v. Aldridge,* 185 N. C. 292, 116 S. E. 742), and the age of the driver may be a controlling factor in determining competency. (*Rush v. McDonnell,* 214 Ala. 47, 106 So. 175.) However, in the instant case there is no evidence in the record that Gertrude Hammes was an incompetent

driver or that appellant knew she was incompetent at the time he loaned the automobile to her, but the record affirmatively shows he knew her to be competent. Nor can we agree that the age of Gertrude Hammes alone is sufficient evidence of incompetence. (See Cahill's St. 1931, ch. 95a, ¶ 32; *Perry v. Simeone*, 197 Cal. 132, 239 Pac. 1056, 1057.)

It will not be necessary that we express any opinion as to whether any liability exists as against the plaintiff in error, Gertrude Hammes. The judgment against Jack Kalkhurst and Gertrude Hammes is a joint one. A judgment in an action of trespass is a unit as to all defendants against whom it is rendered and if it must be reversed for error as against one it must be reversed as to all. (*South Side El. R. Co. v. Nesvig*, 214 Ill. 463, 469; *Singer v. Cross*, 257 Ill. App. 41, 44.)

The judgment of the superior court is reversed and the cause is remanded.

*Reversed and remanded.*

GRIDLEY, P. J., and SCANLAN, J., concur.